**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ABDURAKHMON MUKHTOROV, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   **Case No. CIV-26-723-SLP** |
| | ) |
| MARKWAYNE MULLIN et al., | ) |
| | ) |
| Respondents. | ) |

## REPORT AND RECOMMENDATION

Petitioner, a noncitizen[1] proceeding *pro se*, filed a Petition and Supplement for a Writ of Habeas Corpus challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement (ICE). (ECF Nos. 1 & 2).[2] Chief United States District Judge Scott L. Palk referred this matter to the undersigned magistrate judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Respondents filed a response. (ECF No. 8).

For the reasons set forth below, the undersigned recommends that the Court grant the Petition, in part and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within five business days or otherwise to release him if there is no hearing within that time.

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[2] Mr. Mukhtorov filed his Petition *pro se* and subsequently filed a pleading which he had filed with the Immigration Court in his pending case which the undersigned will treat as a supplement to the Petition. *See* ECF No. 2.

## I.    BACKGROUND

Petitioner, a citizen of Uzbekistan, entered the United States on July 31, 2023, at or near a port of entry at San Ysidro, California. *See* ECF No. 2-5:1. Immigration and Customs Enforcement (ICE) officials charged Petitioner as removable under Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act, as an individual not in possession of valid entry documents. *See id.* On April 17, 2024, Petitioner applied for asylum and the application is presumably pending. *See* ECF No. 2:5. Petitioner states that he was released on an Order of Supervision.[3] On February 23, 2026, Petitioner was arrested and detained by ICE officials and is currently detained in the Cimarron Correctional Facility.[4]

## II.    PETITIONER'S CLAIMS

In Petition and supplement, Petitioner asserts three claims:

- His current detention violates Due Process;

- Upon his re-detention, ICE officials failed to give him notice and opportunity to respond after having been previously released on an Order of Supervision; and

- He is entitled to a bond hearing

(ECF Nos. 1 & 2). Petitioner asks the Court to order his release on his own recognizance or alternatively, grant him a bond hearing. *See* ECF Nos. 1:8 & 2:5.

---

[3] Neither party submits evidence of the Order of Supervision.

[4] *See* https://locator.ice.gov/odls/#/results (last visited May 18, 2026).

Respondents' response is brief:

> Petitioner is being held pursuant to 8 U.S.C. § 1225(b)(2)(A) and is not entitled to a bond hearing. But Petitioner contends that he is detained pursuant to § 1226 and therefore entitled to a bond hearing or release. The members of this Court have established their respective positions on this issue. Judicial economy and Rule 1 are not furthered by continued relitigation of the same points.

(ECF No. 8:1). Respondents further argue that they adopt the reasoning of the Eighth and Fifth Circuits in *Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026) and *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026), "as well as this Court's decisions in *Montoya v. Holt*, No. CIV-25-01231-JD, 2025 WL 3733302 (W.D. Okla. Dec. 26, 2025) and *Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344 (W.D. Okla. Jan. 6, 2026)." (ECF No. 15:1).

## III.   STANDARD OF REVIEW

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3).  "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV.   ANALYSIS

The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the

examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a." If Petitioner is an "applicant for admission" and "seeking admission" under § 1225(b)(2)(A), he is not entitled to a bond hearing. On the other hand, Section 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))). Liberally construed, Petitioner argues he is being held in violation of the INA and he should be afforded a bond hearing. *See supra*. The undersigned agrees.

The undersigned has reviewed the statutory text, Congressional intent, legislative history, and § 1226(a)'s application for the past three decades, as well as numerous recent cases addressing this exact issue. For the reasons stated below, and adopting this Court's reasoning in *Lopez v. Corecivic Cimmaron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490, at *3-7 (W.D. Okla. Jan. 21, 2026), the undersigned recommends the Court grant the Petition in part to the extent Petitioner seeks a bond hearing under § 1226(a).

First, the INA limits the scope of the term "seeking admission" in § 1225(b)(2)(A) so that section does not apply to noncitizens living in the United States when detained. Section 1225(b)(2)(A) "only applies when a noncitizen 'applicant for admission' is actively 'seeking admission' into the United States." *Valdez v. Holt*, No. CIV-25-1250-R, 2025 WL

3709021, at *3 (W.D. Okla. Dec. 22, 2025).  If all "applicants for admission" are also "seeking admission," then § 1225(b)(2)(A)'s inclusion of the phrase "seeking admission" would be redundant and superfluous. *Lopez*, 2026 WL 165490, at *4. The undersigned best understands mandatory detention under § 1225(b)(2)(A) to apply to arriving noncitizens actively seeking admission at or near the border or port of entry—not those like Petitioner who have resided in the United States for years and were not arrested when trying to cross the border.

In addition, the legislative history and recent amendment of § 1226 indicate that section applies to noncitizens who previously entered without inspection and were residing in the United States when apprehended. Notably, after passage of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, the Department of Justice explained that "despite being applicants for admission, aliens who are present without having been admitted or paroled . . . will be eligible for bond and bond redetermination." *Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures*, 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997) (citation modified). Further, Congress' recent amendment to § 1226 mandating detention for certain criminal noncitizens renders Respondents' interpretation of § 1225(b)(2)(A) superfluous.

Finally, this Court, Judge DeGiusti, Judge Jones, Judge Russell, Judge Heaton, and myriad district courts have recently applied § 1226(a) to govern detention of noncitizens

like Petitioner.[5] *See Norboev v. Lyons*, No. CIV-26-107-SLP, 2026 WL 497800, at *2 (W.D. Okla. Feb. 23, 2026) (finding § 1226(a) governs a similarly situated petitioner's detention and "join[ing] the decision reached by the vast majority of district courts in this judicial district, in district courts within the Tenth Circuit and across the country to have addressed the same issues as those raised by Petitioner").  This Court has found the plain language, legislative history, and past immigration practices all support a finding that "Petitioner's detention is not governed by §1225(b)(2)." *Lopez*, 2026 WL 165490, at *7.  The undersigned agrees with this Court's reasoning, the majority of Judges in this District, and the great weight of authority to conclude Petitioner falls within the confines of § 1226(a), and not § 1225(b)(2)(A).

This conclusion is also in accord with the Sixth, Eleventh, Second and Seventh Circuits, which rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents. *See Lopez-Camos v. Raycraft,* --- F.4th ---,  2026 WL _____ (6th Cir. 2026); *Hernandez Alvarez v. Warden, Federal Detention Center Miami*, --- F.4th ---, 2026 WL 1243395, at *5 (11th Cir. 2026); *Cunha v. Freden*, No. 25-3141-PR, --- F.4th ---, 2026 WL 1146044, at *2 (2d Cir. 2026); *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025). *But see Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th

---

[5] *See, e.g., Lopez*, 2026 WL 165490, at *7; *Ramirez Rojas v. Noem*, No. CIV-25-1236-HE, 2026 WL 94641, at *1 (W.D. Okla. Jan. 13, 2026); *Valdez*, 2025 WL 3709021, at *3; *Colin v. Holt*, CIV-25-1189-D, 2025 WL 3645176, at *5 (W.D. Okla. Dec. 16, 2025); *Urbina Garcia v. Holt*, No. CIV-25-1225-J, 2025 WL 3516071, at *4 (W.D. Okla. Dec. 8, 2025).  Two Judges in the District have applied § 1225(b)(2)(A) to a similarly situated petitioner. *See Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344, at *3 (W.D. Okla. Jan. 6, 2026); *Alvarado Montoya*, No. CIV-25-01231-JD, 2025 WL 3733302, at *12 (W.D. Okla. Dec. 26, 2025).

Cir. 2026) (agreeing with Respondents' interpretation); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 501-08 (5th Cir. 2026) (same).

Accordingly, the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention. The Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within five business days or otherwise release him if he does not have a lawful bond hearing within that period.

If the Court grants Petitioner's requested relief for a bond hearing under § 1226(a), the undersigned recommends the Court decline to decide the merits of Petitioner's remaining claims. *See, e.g.*, *Colin v. Holt*, CIV-25-1189-D, 2025 WL 3645176, at *6 n.3 (W.D. Okla. Dec. 16, 2025) (declining to decide the merits of Petitioner's due process claim when granting a bond hearing pursuant to § 1226(a)).

## V.    RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the foregoing reasons, the undersigned recommends that the Court **GRANT, IN PART,** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days or otherwise release Petitioner if he has not received a lawful bond hearing within that period. The undersigned further recommends the Court order Respondents to certify compliance by filing a status report within seven business days of the Court's order.

The parties may object to this Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Any objection must be filed not later than **June 3, 2026**. If a party wishes to respond to the other party's objections, such response must

be filed not later than **June 8, 2026**. *See id*. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## VI.     STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED on May 27, 2026.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE