## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ABDURAKHMON MUKHTOROV, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. CIV-26-723-SLP |
| MARKWAYNE MULLIN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## <u>O R D E R</u>

Petitioner Abdurakhmon Mukhtorov, appearing pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.[1]  Before the Court is the Report and Recommendation [Doc. No. 9] (R&R) of United States Magistrate Judge Shon T. Erwin. The Magistrate Judge recommends granting, in part, the Petition.  Respondents have filed an Objection [Doc. No. 10] and the matter is at issue.  The Court reviews de novo any portion of the R&R to which Respondents have made specific objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Having conducted that review, and for the reasons that follow, the Court ADOPTS the R&R and GRANTS, IN PART, the Petition.

Petitioner, a citizen of Uzbekistan, entered the United States on or about July 31, 2023, where he was detained by immigration officials that same day.  On April 17, 2024,

---

[1] The R&R also treated Petitioner's Motion for Custody Redetermination [Doc. No. 2], originally filed in his immigration proceeding, as a supplement to the Petition in the present action.  To the extent that the Motion for Custody Redetermination [Doc. No. 2] requests relief, it is DENIED AS MOOT.

Petitioner filed a Form I-589 Application for Asylum.    Petitioner states he was subsequently released on an Order of Supervision.[2]

On February 23, 2026, Immigration and Customers Enforcement officials arrested Petitioner.  Petitioner has been continuously detained without a bond since his arrest pursuant to the mandatory detention provision set forth in § 1225(b)(2)(A). Petitioner is currently detained at the Cimarron Correctional Facility in Cushing, Oklahoma.[3]

On April 6, 2026, Petitioner filed this action, claiming violations of the Immigration and Nationality Act and violations of his due process rights under the Fifth Amendment to the United States Constitution.  R&R [Doc. No. 9] at 2–3; Pet. [Doc. No. 1].   Petitioner claims that § 1225(b)(2)(A) does not apply to him and he is entitled to a bond hearing. Furthermore, Plaintiff claims his due process rights were violated at the time of re-detention and as a result of his current detention.  As relief, Petitioner seeks immediate release, or, alternatively, a bond hearing.  *See* Pet. [Doc. No. 1] at 9; [Doc. No. 2] at 5.

The R&R recommended that the Court grant habeas relief and order Respondents to provide Petitioner with an individualized bond hearing under § 1226(a) within five business days or otherwise release Petitioner if he has not received a lawful bond hearing

---

[2] As the Magistrate Judge noted, neither party has submitted such Order of Supervision.

[3] *See* ICE Online Detainee Locator System, at https://locator.ice.gov/odls/#/results (last visited June 8, 2026).

within that time period.    Furthermore, the Magistrate Judge recommended that the Court decline to address Petitioner's constitutional claims.[4]

Respondents object to the R&R, arguing that the Magistrate Judge erroneously found that 8 U.S.C. § 1226(a) governs Petitioner's detention rather than 8 U.S.C. § 1225(b)(2)(A).    Respondents ask that the Court find that Petitioner's detention is governed by § 1225(b)(2) in light of the reasoning provided in the decisions of the Fifth Circuit and the Eighth Circuit, as well as two decisions from other Judges within this judicial district.  *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026);  *Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344 at **3-5 (W.D. Okla. Jan. 6, 2026); *Montoya v. Holt*, No. CIV-235-1231-JD, 2025 WL 3733302 at **5-12 (W.D. Okla. Dec. 26, 2025). However, the Court has previously considered such authority and found that the cases do not alter the Court's conclusion that 8 U.S.C. § 1226(a) applies to individuals similar to Petitioner.  *See*, *e.g.*, *Abhishek v. Holt*, No. CIV-26-221-SLP, 2026 WL 852091, at *2 (W.D. Okla. Mar. 27, 2026).  The Court's decision is also in accord with the Sixth Circuit, Eleventh Circuit, and Second Circuit, who have rejected the statutory interpretation of §1225(b)(2) as urged by Respondents.  *See generally Lopez-Campos v. Raycraft*, 175 F.4th 713, (6th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026); *Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *see also Castañon-Nova v. U.S. Dep't of*

---

[4] Neither party has objected to the Magistrate Judge's recommendation that the Court need not address Petitioner's constitutional claims.  *See* R&R at 7.   The Court concurs with that recommendation and dismisses such claims without prejudice.

3

*Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025).  Accordingly, the Court finds that §

1226(a) governs Petitioner's detention, and he is entitled to an individualized bond hearing.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 9]

is ADOPTED and the Petition [Doc. No. 1] is GRANTED in PART.  The Court DIRECTS

Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a)

within five (5) business days of this Order, or otherwise release Petitioner if he has not

received a lawful bond hearing within that period.

A separate judgment shall be entered.

IT IS SO ORDERED this 9th day of June, 2026.

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**

4